**Isabelle MEEKS, Administratrix of the Estate of LaVare Meeks, Deceased, Appellant,**

v.

**Oren J. McADAMS, Shoshone Tribe, and Arapahoe Tribe, Appellees.**

**No. 9837.**

United States Court of Appeals
Tenth Circuit.

March 4, 1968.

William S. Bon, Casper, Wyo., filed a motion to affirm for appellee McAdams.

F. M. Andrews, Jr., Riverton, Wyo., filed a response for the appellant.

Before MURRAH, Chief Judge, and HICKEY, Circuit Judge.

PER CURIAM.

This action was commenced by Isabelle Meeks, the administratrix of the estate of LaVare Meeks, to recover damages for the alleged wrongful death of LaVare Meeks. The appellant and Appellee McAdams are enrolled Indians of the Shoshone Tribe as was the decedent. The decedent was killed while a passenger in a police car owned by the Joint Tribal Council, Shoshone and Arapahoe Tribes, Wind River Indian Reservation, Wyoming. The police car was being operated by McAdams, a tribal policeman, at the time of the accident which occurred within the boundaries of the reservation. The trial court dismissed the action for want of jurisdiction.

As the trial court correctly pointed out "there is no diversity of citizenship between the parties, no federal question has been raised and presented for decision and Congress has not expressly given plaintiff authority to bring this action nor this court jurisdiction to entertain it." Prairie Band Pottawatomie Tribe of Indians v. Udall, 355 F.2d 364 (10th Cir. 1966); Prairie Band Pottawatomie Tribe of Indians v. Puckkee, 321 F.2d 767 (10th Cir. 1963); and Martinez v. Southern Ute Tribe, 249 F.2d 915 (10th Cir. 1954). Cf. Williams v. Ganado Trading Post, 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959).

In view of these decisions we deem the jurisdictional question presented in this appeal so unsubstantial as not to require further argument; appellee's motion to affirm is granted and the judgment is affirmed.